IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Brian Joseph Stoltie, | C/A No. 8:19-cv-03470-TMC-KFM |
| Plaintiff, | **ORDER** |
| vs. | |
| Anderson County, Anderson County Sheriff, Greenville County Sheriff, Anderson County Detention Center, Anderson County Detention Center Medical Director, Anderson County Detention Center Director, Timothy McCarley, Robert Smith, Brandon Brewer, J.T. Bowers, Greg Hayden, Cassie Darnell, Heath Davis, Johnny Chandler, Christopher Sellars, Detective Jonathan Velez, James Berggrun, Jessie Arrowood, Sergeant McCoy, Investigator Burdine, Anderson County Detention Center Sergeant John Doe, Correctional Officer John Doe, Ms. Stephanie Joseph, Agent Michael Sloan, Mr. John Doe, | |
| Defendants.[1] | |

This is a § 1983 action filed by a state prisoner. At the time the events in the complaint occurred, the plaintiff was a pretrial detainee. Therefore, in the event that a limitations issue arises, the plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

On December 13, 2019, the plaintiff's complaint was entered on the docket (doc. 1). On January 7, 2020, a serve order was issued by the Honorable United States Magistrate Judge Paige J. Gossett (doc. 8). On January 16, 2020, the matter was transferred to the undersigned (doc. 31). As noted in the text order entered on January 17, 2020, the court vacated the serve order and informed the plaintiff that additional review pursuant to 28 U.S.C. § 1915A would be completed of his complaint (doc. 33).

---

[1]This caption represents the original parties to this action. Future filings will only reflect the parties in each case.

Upon review, the Court finds that the plaintiff's allegations in this matter concern separate and distinct constitutional violations. Specifically, the plaintiff's complaint alleges constitutional violations by some of the defendants during his arrest on April 25, 2019, and constitutional violations by other defendants during his confinement at the Anderson County Detention Center. Accordingly, the court concludes the plaintiff's claims should be severed into two distinct matters. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *see also* Fed. R. Civ. P. 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (finding it appropriate to sever unrelated claims against different defendants into separate lawsuits).

A new case has been created regarding the claims you brought in the present matter (identified below as matter number 2). Accordingly, the plaintiff will be required to complete new documents for the present case and the new case. Under General Order *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), the undersigned is giving the plaintiff **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to **follow the instructions below regarding each case.** If the plaintiff does not comply within the time permitted by this Order, this case (and the two new cases) may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure.

**TO THE DEFENDANTS**:

As noted above, the undersigned has ordered that the instant action be severed. As such, at this time **no answers or responsive pleadings** are due. Once review of the amended pleadings has been completed by the court in each case, the court will issue an order setting the appropriate responsive pleading deadlines.

**AS TO THE INSTANT MATTER, C/A No. 8:19-cv-03470-TMC-KFM**

**TO THE PLAINTIFF:**

Remaining in the present matter are your claims regarding your arrest against defendants Anderson County, Anderson County Sheriff, Greenville County Sheriff, Timothy McCarley, Robert Smith, Brandon Brewer, J.T. Bowers, Greg Hayden, Cassie Darnell, Heath Davis, Johnny Chandler, Christopher Sellars, Detective Jonathan Velez, James Berggrun, Jessie Arrowood, Sergeant McCoy, Investigator Burdine, and Agent Michael Sloan.

Because your complaint has been split into two separate actions, you must complete, sign, and return an amended complaint containing *only* the allegations against the defendants identified above. Additionally, you will need to complete service documents for the defendants identified above in accordance with the following instructions:

1) Complete one summons form which lists every defendant named in this matter (as noted above). In the space following "TO: (The defendant's name and address)," the plaintiff is required to provide a complete name and a full address where the defendant can be served pursuant to Rule 4 of the Federal Rules of Civil Procedure. **The plaintiff's complete name and full address must be provided in the blank section following "plaintiff or plaintiff's attorney, whose name and address are."** Handwritten information must be printed and legible. **Nothing else should be written by the plaintiff on either the front or back of the summons or in the margins.** If it is

2

necessary to list additional defendants whose names and street addresses do not fit in the space on the summons form preceded by "TO: (Name and address of the defendant)," the plaintiff must attach an additional page of letter-sized (8½ inches by 11 inches) paper listing additional defendants and service addresses.  **Blank forms are attached for the plaintiff's use.**

**PAYMENT OF THE FILING FEE**:

As previously reaffirmed, the plaintiff's request to proceed *in forma pauperis* (doc. 2) has been granted (docs. 8; 33).  Because the court previously granted the plaintiff permission to proceed *in forma pauperis*, **the agency having custody of the plaintiff shall collect payments from the plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid**.

**TO THE CLERK OF COURT**:

The above-captioned case should pertain only to the plaintiff's claims regarding events occurring during his arrest on April 25, 2019 as to defendants Anderson County, Anderson County Sheriff, Greenville County Sheriff, Timothy McCarley, Robert Smith, Brandon Brewer, J.T. Bowers, Greg Hayden, Cassie Darnell, Heath Davis, Johnny Chandler, Christopher Sellars, Detective Jonathan Velez, James Berggrun, Jessie Arrowood, Sergeant McCoy, Investigator Burdine, and Agent Michael Sloan.

Therefore, the Clerk of Court is directed to terminate the following defendants from the instant action:  Anderson County Detention Center, Anderson County Detention Center Medical Director, Anderson County Detention Center Director, Anderson County Detention Center Sergeant John Doe, Anderson County Detention Center Correctional Officer John Doe, Stephanie Joseph, and Mr. John Doe.

The Clerk of Court shall mail a copy of this order along with a blank complaint form and service documents to the plaintiff.  If the plaintiff fails to provide the items specified above to the Clerk of Court within the period prescribed in this order, the Clerk of Court shall forward the file to the assigned United States District Judge to determine whether to enter an order of dismissal.  *See In Re:  Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA.  If, however, the plaintiff provides this Court with the items specified above, the Clerk of Court should forward the file to the assigned Magistrate Judge to determine if service of process should be authorized.

The Clerk of Court shall not enter any change of address submitted by the plaintiff which directs that mail be sent to a person other than the plaintiff unless that person is an attorney admitted to practice before this Court who has entered a formal appearance.

No process shall issue until the items specified above have been reviewed by the assigned Magistrate Judge.

The plaintiff must place the civil action number listed above C/A No. 8:19-cv-03470-TMC-KFM) on any document provided to the Court pursuant to this Order *in this case*.  **Any future filings in this case must be sent to the address below: (300 East Washington Street, Room 239, Greenville, South Carolina 29601).**  Any future filings in this case must be sent to the Clerk's Office in Greenville (300 East Washington Street, Room 239, Greenville, South Carolina 29601).  All documents requiring the plaintiff's signature shall be signed with the plaintiff's full legal name written in the plaintiff's own handwriting.  *Pro se* litigants shall not use the "s/typed name" format used in the Electronic Case Filing System.  In all future filings with this Court, the plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet

of paper only, and not to write or type on both sides of any sheet of paper. The plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

The plaintiff is a *pro se* litigant. The plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised in writing (300 East Washington Street, Room 239, Greenville, South Carolina 29601) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this Court, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

**The plaintiff's attention is directed to the important WARNING on the last page.**

## AS TO MATTER NUMBER 2

**TO THE PLAINTIFF:**

A new case has been created as to your claims regarding your time at the Anderson County Detention Center against defendants Anderson County, Anderson County Sheriff, Anderson County Detention Center, Anderson County Detention Center Medical Director, Anderson County Detention Center Director, Anderson County Detention Center Sergeant John Doe, Anderson County Detention Center Correctional Officer John Doe, and Ms. Stephanie Joseph. The Clerk of Court will send you a docket sheet for matter number 2, which will include the case number to be used for matter number 2.

Because your original complaint has been split into two separate actions, you must complete, sign, and return a new complaint form containing *only* the allegations against the defendants identified above *as to matter number 2*. Further, in order to proceed *in forma pauperis* in matter number 2, you will need to submit an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and Financial Certificate *in matter number 2*.

Additionally, you will need to complete service documents for the defendants identified above in accordance with the following instructions:

1) Complete one summons form which lists every defendant named in this matter (as noted above). In the space following "TO: (The defendant's name and address)," the plaintiff is required to provide a complete name and a full address where the defendant can be served pursuant to Rule 4 of the Federal Rules of Civil Procedure. **The plaintiff's complete name and full address must be provided in the blank section following "plaintiff or plaintiff's attorney, whose name and address are."** Handwritten information must be printed and legible. **Nothing else should be written by the plaintiff on either the front or back of the summons or in the margins**. If it is necessary to list additional defendants whose names and street addresses do not fit in the space on the summons form preceded by "TO: (Name and

4

address of the defendant)," the plaintiff must attach an additional page of letter-sized (8½ inches by 11 inches) paper listing additional defendants and service addresses. **Blank forms are attached for the plaintiff's use.**

2) Complete, sign, and return a Form USM-285 for *each* Defendant listed in this case. **Only one Defendant's name and street address should appear on each form**. Defendant's name and **street** address should be placed in the spaces preceded by the words, "SERVE AT." Plaintiff's name and address should be placed in the space designated, "SEND NOTICE OF SERVICE COPY TO . . .," and the plaintiff should sign where the form requests, "Signature of Attorney or other Originator . . . ." The plaintiff must provide the defendant's complete **street** address on the form (not a post office box address). The plaintiff must provide, and is responsible for, information sufficient to identify the defendant(s) on the Form(s) USM-285. The United States Marshal cannot serve an inadequately identified defendant, and unserved defendants may be dismissed as parties to this case. **Blank forms are attached for the plaintiff's use.**

**TO THE CLERK OF COURT**:

The Clerk of Court is instructed to assign a separate civil action number to the plaintiff for his claims regarding his time at the Anderson County Detention Center against the following defendants: Anderson County, Anderson County Sheriff, Anderson County Detention Center, Anderson County Detention Center Medical Director, Anderson County Detention Center Director, Anderson County Detention Center Sergeant John Doe, Anderson County Detention Center Correctional Officer John Doe, and Ms. Stephanie Joseph.

The Clerk of Court shall file this Order as the initial docket entry in the newly created case. The Clerk of Court shall send this Order, a docket sheet for the newly created case, and a packet to the plaintiff to complete a new civil rights complaint and service documents for his claims involving his time at the Anderson County Detention Center.

If the plaintiff fails to provide the items specified above to the Clerk of Court within the period prescribed in this order, the Clerk of Court shall forward the file to the assigned United States District Judge to determine whether to enter an order of dismissal. *See In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA. If, however, the plaintiff provides this Court with the items specified above, the Clerk of Court should forward the file to the assigned Magistrate Judge to determine if service of process should be authorized.

The Clerk of Court shall not enter any change of address submitted by the plaintiff which directs that mail be sent to a person other than the plaintiff unless that person is an attorney admitted to practice before this Court who has entered a formal appearance.

No process shall issue until the items specified above have been reviewed by the assigned Magistrate Judge.

The plaintiff must place the civil action number listed by the clerk *as to matter number 2* on any document provided to the Court pursuant to this Order *in matter number 2*. **Any future filings in this case must be sent to the address below: (300 East Washington Street, Room 239, Greenville, South Carolina 29601).** Any future filings in this case must be sent to the Clerk's Office in Greenville (300 East Washington Street, Room 239, Greenville, South Carolina 29601). All documents requiring the plaintiff's signature shall be signed with the plaintiff's full legal name written in the plaintiff's own

handwriting. *Pro se* litigants shall not use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this Court, the plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only, and not to write or type on both sides of any sheet of paper. The plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

The plaintiff is a *pro se* litigant. The plaintiff's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised in writing (300 East Washington Street, Room 239, Greenville, South Carolina 29601) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this Court, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

**The plaintiff's attention is directed to the important WARNING on the following page.**

IT IS SO ORDERED.

s/ Kevin F. McDonald
United States Magistrate Judge

January 21, 2020
Greenville, South Carolina

# IMPORTANT INFORMATION . . . .PLEASE READ CAREFULLY
# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. <u>Personal information protected by Rule 5.2(a)</u>:

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. <u>Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).</u>